# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TASHIBA N. RANSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-274 |
| | ) | |
| CHATHAM COUNTY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Over four months have passed since defendants answered plaintiff Tashiba Ransom's complaint. *See* doc. 8 (filed July 27, 2015). Nothing further has happened in this case. In particular, the parties have not, as required, conducted a conference under Fed. R. Civ. P. 26(f). Within 14 days of the date this Order is served, therefore, Ransom shall show cause why this case should not be dismissed on inactivity and, thus, abandonment grounds.[1] *See* Fed. R. Civ. P. 41(b); S.D. Ga. L.R. 41.1(c).

---

[1] Not knowing the rules of procedure is no excuse for failing to follow them. If legal ignorance -- even by one's own attorney -- does not stop an execution, then legal ignorance of Rule 26(f)'s command should not prevent dismissal of a stale lawsuit. *See Coleman v. Thompson*, 501 U.S. 722, 752-57 (1991) (condemned prisoner pursuing State habeas relief waived right to federal review, and thus could be executed, after his State habeas counsel negligently missed, by 3 days, deadline for appealing denial of State habeas petition); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil

**SO ORDERED**, this 8th day of December, 2015.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

litigation should be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."); *Hixson v. French*, 517 F. App'x 767 (11th Cir. 2013) (*pro se* plaintiffs required to "apprise themselves of 'the relevant law and rules of court,'" including the Federal Rules of Civil Procedure) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).